# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:02cr106-15

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| STEVEN EUGENE TRAVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on June 4, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Charles McKeller, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the violation report that had been filed on June 4, 2007. The Government introduced, without objection, the violation report into evidence. Testimony was then presented by Joel Taylor, United States Probation Officer.

On March 8, 2007, a petition was filed by the United States Probation Office alleging

that the defendant had violated terms and conditions of pretrial release. The defendant had been sentenced on February 25, 2004 by the Hon. Lacy H. Thornburg, United States District Judge, to a term of imprisonment of five months and three years supervised probation as a result of his plea of guilty to conspiracy to possess with intent to distribute a quantity of MDMA, a/k/a, "Ecstasy", a schedule I controlled substance. On April 27, 2007, a detention hearing was held in regard to the issue of whether or not the defendant should be detained pending hearing of the petition. On that date, United States Magistrate Judge Carl Horn, III, entered an order releasing the defendant on a $5,000.00 unsecured bond. Judge Horn further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(a) That the defendant shall report to the Office of Probation and Pretrial Services to the extent and in the manner that that agency determines to be appropriate.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 9, 2007, the defendant failed to keep his scheduled appointment with Probation Officer Taylor. The evidence showed that the defendant has kept all other appointments. On May 16, 2007, the defendant submitted to an urinalysis drug test which tested positive for the use of cocaine. Officer Taylor sent the specimen for further testing to

Scientific Testing Laboratories, Inc. which did further analysis which confirmed the positive test. On May 23, 2007, the defendant produced a urine specimen for testing again tested positive for cocaine. Officer Taylor again sent this specimen to Scientific Testing Laboratories, Inc. which confirmed the positive test. Tests that were administered upon the defendant on May 30th and June 13th had initially showed a positive result for use of cocaine but upon a later testing by Scientific Testing Laboratories, Inc. the tests were shown to be negative.

A publication of Scientific Testing Laboratories, Inc. entitled, "Urinalysis Testing Services Training and Reference Manual for United States Courts Federal Probation/Pretrial Services" shows that the detection time for cocaine is as follows: "Cocaine can only be detected in urine for 4-6 hours after ingestion. The main urinary metabolite, benzoylecgonine, is normally cleared from the urine in 24-48 hours. Extreme chronic use may be detected for 48-72 hours."

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)  finds that there is----
     (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
     (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)  finds that ---
     (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person
will not flee or pose a danger to the safety of any other person or the community; or
     (B) the person is unlikely to abide by any condition or combination
of conditions of release.

3

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is also probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed cocaine on two occasions so that he could consume that substance. That possession violated both federal and state law. The possession and consumption of cocaine is a misdemeanor under federal law. 21 U.S.C. § 844. The possession and consumption of cocaine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant violated the term and condition that required him to report to the Office of Probation and Pretrial Services to the extent and in the manner that that agency determined to be appropriate. The defendant was scheduled to have an office visit with his United States Probation Officer on May 9, 2007 and the defendant failed to appear.

There has further been shown by clear and convincing evidence that the defendant violated a condition of release in that it has been shown that the defendant failed to comply

with the condition of release (7)(m) which required that the defendant refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The defendant produced a urine specimen for testing on May 16, 2007 and May 23, 2007 which both tested positive for use of cocaine. Cocaine is a controlled substance which is not prescribed by licensed medical practitioners except in limited circumstances for use in terminally ill patients. The defendant would not qualify for such an administration of cocaine for that purpose.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: June 19, 2007

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge